IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

      Plaintiff,

      v.                                    CASE NO.  24-3076-JWL

SHEILA CLEMENS, et al.,

      Defendants.

MEMORANDUM AND ORDER
TO SHOW CAUSE

Plaintiff Steven Crump is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

I.  Nature of the Matter before the Court

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges in his Complaint that staff members of Vital Core Health Strategies, LLC ("Vital Core"), the medical provider for the JCADC, and JCADC staff refused to provide him with medical aid on March 13, 2024.  (Doc. 1, at 2.)  He asserts that he reported having "extreme chest pain, shortness of breath and dizziness."  *Id*.  Deputy Bell contacted "Medical" and was told that they "just saw Crump at med line," and he is fine.  *Id*.  Bell called his supervisor and was told to tell Plaintiff that "no one is coming."  *Id*.  Plaintiff alleges that he suffered a heart attack and passed out in his cell for two hours.  *Id*.  He theorizes that he had an adverse reaction to medication changes.  *Id*.  Plaintiff also asserts that the defendants assumed Plaintiff was faking because of his psychiatric disabilities.  *Id*.

As Count I, Plaintiff claims a 14th Amendment due process violation based on his allegation that he was denied information and that information has been deleted.  *Id.* at 4.  He alleges that he asked Defendant Clemens for the names of individuals involved in the March 13 incident, and she refused to give him any information "without payment FIRST." *Id.* at 1.  Plaintiff also alleges that there is "a formulated system to HIDE, ERASE, DISSOLVE records and documentation of proof" of his abuse.  *Id.* at 5.

As Count II, Plaintiff claims a conspiracy to cover up constitutional violations and to retaliate against him.  He asserts that he has been denied names of people who have harmed him. *Id.*

As Count III, Plaintiff asserts a 14th Amendment violation based on deliberate indifference to a medical emergency.  *Id.*

As Count IV, Plaintiff again alleges retaliation by leaving him in his cell knowing he was having severe chest pain.  *Id.*

As Count V, Plaintiff claims "discrimination" based on his "psychiatric disabilities." *Id.*

As Count VI, Plaintiff claims intentional infliction of emotional distress, and as Count VII, he claims defamation.  *Id.*

Plaintiff names as defendants:  Sheila Clemens, Records Supervisor at JCADC; Supervisor #1/Sergeant; Deputy Bell; Calvin Hayden, Sheriff of Johnson County; four unknown Vital Core nurses; Becky (lnu), Supervisor at JCADC; Vital Core Head Administrator; Viola Riggin, Vital Core CEO; and the Johnson County Board of Commissioners.  Plaintiff seeks compensatory damages totaling $11.5 million and punitive damages totaling $20.5 million.  *Id.* at 8.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Court has conducted the required screening and concludes that this matter is subject to dismissal as duplicative and for failure to state a claim.

### A.  Duplicate Claims

The Complaint includes claims that Plaintiff has already raised in previous cases pending before this Court.  To the extent that Plaintiff raises duplicative claims, they are subject to dismissal.  The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

The first of Plaintiff's now-pending actions—Case No. 24-3036-JWL—includes claims regarding his medical care at the JCADC, including the treatment (or lack of treatment) he receives for his spinal injury.  *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL, 2024 WL 1557538 (D. Kan. April 10, 2024).  Even more specifically, Plaintiff alleges that he was given "extreme amounts of [pain] medication" and that he was given just enough pain medication to make it out of his cell for food and Medical, but the rest of the time he lay on the soiled, hard mattress in excruciating pain."  *Id*. at *1.

Then, when Plaintiff filed Case No. 24-3063-JWL, he raised in that action a claim that "he has not been provided with adequate medical care at JCADC because his leg began to stink of decay and rot, he was not provided a second mattress for his dislocated spine, and for five months he was denied a wheelchair, cane, handicap shower . . . back brace, proper diet, vitamins or pain medication appropriate for severe nerve damage and dislocated spine and ankle." *See Crump v.*

*(LNU)*, Case No. 24-3063-JWL, 2024 WL 2321084, *2 (D. Kan. May 22, 2024).  Plaintiff also alleged in that case "that he has suffered two heart attacks due to the 'experimental' blood thinners prescribed to him by medical." *Id.*  In a Memorandum and Order entered in that case, the Court found that:

> Although Plaintiff also alleges that he has not received adequate medical care for his injuries, he has already filed a case regarding his medical care and it remains pending. *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL. The Court ordered a *Martinez* Report regarding Plaintiff's claims in that case. *See id.* at Doc. 7. Therefore, these same claims in the current case are subject to dismissal as duplicative.

*Crump*, 2024 WL 2321084, at *4.

Undeterred, Plaintiff again presented in *Crump v. Vital Core Health Strategies LLC, et al.*, Case No. 24-3089-JWL, his claims of inadequate medical care at the JCADC, including claims regarding his pain medication and heart attacks.  Then, he proceeded to raise the claim again in *Crump v. Vital Core Health Strategies LLC, et al.*, Case No. 24-3098-JWL.

Now, Plaintiff has yet again presented claims of medication reactions, heart attacks, and otherwise deficient health care.  As already explained to Plaintiff, he is not permitted to seek relief in different lawsuits against the same defendants based on the same claims.  A *Martinez* report was ordered and received in case number 24-3036-JWL, and all claims of inadequate medical care at the JCADC related to Plaintiff's back injury and his treatment for that condition, including alleged medication reactions, should be brought in case number 24-3036-JWL.

Plaintiff should seek to join claims and parties in case number 24-3036-JWL as required and as allowed by the Federal Rules of Civil Procedure, including Rules 15, 18, and 20.

Rule 20 governs permissive joinder of parties and pertinently provides:

 (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Rule 15 addresses supplemental pleadings and provides that:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

### B. Retaliation

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his 'constitutional rights.'" *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) (plaintiffs must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Maschner*, 899 F.2d at 949–50; *Peterson*, 149 F.3d at 1144)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Plaintiff attempts to bring a retaliation claim in connection with his inadequate medical care claim. However, Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive, and without identification of any constitutional right which Plaintiff was exercising that lead to the retaliation. Therefore, his retaliation claim is subject to dismissal.

**C.  Deprivation of Due Process**

Plaintiff alleges that the refusal to provide him with the names of employees involved in the March 13 incident violated his right to due process.   Plaintiff has provided the letter that he received from Defendant Clemens.  (Doc. 3, at 2.)  The letter states that she cannot give him a roster of detention officers for security reasons.  *Id*.  She then states that as for his request for a list of attendees at a March 13 meeting, "Central Records does not maintain a record of any such meeting or its attendees."  *Id*.  Clemens goes on to say that if he wants her to pursue it further, it will cost $40 in time to research the issue.  *Id.*

In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States "Supreme Court held that a deprivation occasioned by prison conditions or a prison regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citing *Sandin*, 515 U.S. at 484).  The Tenth Circuit ruled in *Cosco v. Uphoff,* 195 F.3d 1221, 1224 (10th Cir. 1999), that "[t]he Supreme Court mandate since *Sandin* is that henceforth we are to review property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'"  *Id.* at 1222 (quoting *Sandin*, 515 U.S. at 486).  To establish a due process claim, the plaintiff must show that he was deprived of a protected liberty interest, and that the deprivation occurred without sufficient due process protections.

Plaintiff's attempt to make this into a constitutional violation fails.  Courts have found that jails may charge inmates fees for numerous things without running afoul of the Constitution.  *See McCall v. Keefe Supply Co.,* 71 F. App'x 779, 780 (10th Cir.2003) (stating that an inmate's claim

that prison commissary charged "outrageous" prices for goods purchased through the prison commissary failed to state a constitutional claim); *Slade v. Hampton Road Regional Jail,* 407 F.3d 243, 251-53 (4th Cir.2005) (holding that the imposition of an $1.00 per day room and board charge does not amount to a "punishment or fine" nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest); *Tillman v. Lebanon County Correctional Facility,* 221 F.3d 410, 419 (3rd Cir.2000) (finding that charging inmates for toiletries, stamps, and extra blankets does not raise an Eighth Amendment claim); *Collins v. Virginia*, No. CIVA 7:06CV00326, 2006 WL 1587467, at *1 (W.D. Va. June 6, 2006) (finding inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods through the prison commissary at the cheapest price possible). This claim is subject to dismissal.

### D. Conspiracy

A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (in order to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Plaintiff's conspiracy claim is subject to dismissal for failure to allege adequate facts to establish the elements of this claim. As noted, in order to state a claim of conspiracy, Plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right. *See Thompson*, 58 F.3d at 1517. Plaintiff's Complaint does neither. Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to

raise a right to relief above the speculative level. . . .." *Twombly*, 550 U.S. at 555. Plaintiff's Complaint asserts a conclusory and speculative claim of conspiracy among prison officials with no supporting factual allegations. Such bald assertions fail to state a viable claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

### E. Discrimination

Plaintiff asserts a discrimination claim as Count V. He states that because he suffers from psychiatric disabilities, he is a protected class, and due to his disabilities, the defendants refused to come to his aid. (Doc. 1, at 4.)

Plaintiff does not state what constitutional provision he believes was violated. Discrimination claims often fall under the Equal Protection Clause. The Equal Protection Clause requires that "all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.), *cert. denied*, 549 U.S. 1059 (2006) ("Equal protection is essentially a direction that all persons similarly situated should be treated alike."); *Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 792 (10th Cir. 2005). An equal protection violation occurs when the government treats someone differently from another person who is similarly situated, without adequate justification for the difference in treatment. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). Therefore, in order to succeed on an equal protection claim, Plaintiff must allege that he was "similarly situated" to other inmates, and that the difference in treatment was not "reasonably related to legitimate penological interests." *Fogle*, 435 F.3d at 1261 (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998); *Turner v. Safley*, 482 U.S.78, 89 (1987)); *see also Rider v.*

11

*Werholtz*, 548 F. Supp. 2d 1188, 1202 (D. Kan. 2008) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)).  A plaintiff alleging an equal protection violation must present specific facts which demonstrate that a "discriminatory purpose" was a motivating factor in the disparate treatment attacked in the complaint.  *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988); *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

If the alleged difference in treatment is not based on a suspect classification, the plaintiff must also allege facts sufficient to establish "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose."  *Harrison v. Morton*, 490 F. App'x 988, 994 (10th Cir. 2012) (quoting *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994)).  Because of the wide discretion afforded to prison officials and the many relevant factors these officials may consider when dealing with inmates, an inmate who is not part of a suspect class faces a difficult task to state an equal protection claim.  First, there is a presumption in favor of validity of prison officials' disparate treatment.  *Hill v. Pugh*, 75 F. App'x 715, 720 (10th Cir. 2003).  Second, the requirement to show that an inmate is "similarly situated" to other inmates is arduous, if not impossible, as the Tenth Circuit Court of Appeals noted in *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) ("it is 'clearly baseless' to claim that there are other inmates who are similar in every relevant respect"); *see also Fogle*, 435 F.3d at 1261 (quoting *Templeman* in affirming dismissal of an equal protection claim).

Plaintiff's "discrimination" claim is subject to dismissal for failure to allege facts establishing its essential elements.  *See Rider*, 548 F. Supp. 2d at 1202 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)).  He does not identify similarly-situated individuals who received different treatment.  Furthermore, he does not allege facts suggesting that he was treated differently because he belongs to a suspect class or due to his religion.  He

alleges no facts showing that any "difference in treatment was not 'reasonably related to legitimate penological interests.'" *Fogle*, 435 F.3d at 1261 (*quoting Turner*, 482 U.S. at 89).  Plaintiff's Complaint also fails to establish a discriminatory purpose on the part of Defendants.  Plaintiff submits nothing more than unsupported allegations of improper intent of Defendants, allegations which are deficient in establishing a claim under § 1983.

### F.  State Law Claims

As noted, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States."  Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983.  Plaintiff suggests no theory under which the federal court would have jurisdiction over his state law claims.  His allegations of intentional infliction of emotional distress and defamation are matters of state law that are not grounds for relief in federal court under § 1983.

Plaintiff does not assert pendent jurisdiction.  In any event, this Court does not have pendent jurisdiction over state law claims when the Complaint fails to state a federal constitutional claim.

### G.  Motions

Also before the Court are two motions filed by Plaintiff.  The first is docketed as Motion for Order and is titled "Motion - Seal Freeze Electronically Stored, Saved Data." (Doc. 3.)  The motion was filed in four of Plaintiff's pending cases.

Each party to a lawsuit has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation.  *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007).  The duty is triggered by the filing of a lawsuit or when the party has notice that litigation is likely.  *Id.*  The destruction or loss of evidence can result in

sanctions.  *Id*. at 620-21.  Therefore, an order directing a party to preserve relevant evidence is not necessary, especially where there is no evidence that spoilation is imminent or has occurred.  Here, Plaintiff points to a letter from Defendant Clemens, the Records Supervisor, stating, "Please note that we will not hold or save records prior to payment, so if there is a delay in payment, some records may no longer be available due to ordinary retention limits or electronic storage limitations."  (Doc. 3, at 2.)  This appears to be a generalized disclaimer and is not evidence that destruction of records has or will imminently occur.  Plaintiff's motion is denied.

The second pending motion is a motion for leave to proceed in forma pauperis (Doc. 5).  Because Plaintiff was already granted leave to proceed without the prepayment of fees (*see* Order, Doc. 4), the motion is denied as moot.

## IV.  Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 8, 2024,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 5) is **denied as moot**.

**IT IS SO ORDERED**.

**Dated July 8, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**