IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

v.                                                                        CASE NO. 24-3076-JWL

SHEILA CLEMENS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed as duplicative and for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 6) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 8).

In the Complaint, Plaintiff alleges that staff members of Vital Core Health Strategies, LLC ("Vital Core"), the medical provider for the Johnson County Adult Detention Center ("JCADC"), and JCADC staff refused to provide him with medical aid on March 13, 2024. (Doc. 1, at 2.) He asserts that he reported having "extreme chest pain, shortness of breath and dizziness." *Id*. Deputy Bell contacted "Medical" and was told that they "just saw Crump at med line," and he is fine. *Id*. Bell called his supervisor and was told to tell Plaintiff that "no one is coming." *Id*. Plaintiff alleges that he suffered a heart attack and passed out in his cell for two hours. *Id*. He theorizes that he had an adverse reaction to medication changes. *Id*. Plaintiff also asserts that the defendants assumed Plaintiff was faking because of his psychiatric disabilities. *Id*.

Plaintiff included seven (7) counts in the Complaint: I) a Fourteenth Amendment due process claim against Defendant Clemens based on his allegation that he was denied information

1

and that information has been deleted; II) a claim alleging a conspiracy to cover up constitutional violations and to retaliate against him; III) a Fourteenth Amendment violation based on deliberate indifference to a medical emergency; IV) a retaliation claim; V) a discrimination claim based on his "psychiatric disabilities;" VI) a claim of intentional infliction of emotional distress; and VII) a defamation claim.

The MOSC found that Plaintiff had already raised claims about inadequate healthcare at the JCADC in another of his pending lawsuits, *Crump v. Unified Gov't of Johnson County*, Case No. 24-3036-JWL, and that he should file an amended complaint in that case, which includes all of his medical claims. (Doc. 6, at 6.) The MOSC further found that Count I failed to state an actionable due process claim (*id*. at 9-10); that Count II was subject to dismissal because Plaintiff failed to allege facts showing both an agreement and an actual deprivation of a constitutional right (*id*. at 10-11); that Plaintiff's allegations regarding retaliation in Count IV were generally conclusory, lacking facts to demonstrate any improper retaliatory motive, and without identification of any constitutional right which Plaintiff was exercising that lead to the retaliation (*id*. at 8-9); that Count V failed to state a claim because Plaintiff did not identify similarly-situated individuals who received different treatment, did not allege facts suggesting that he was treated differently because he belongs to a suspect class or due to his religion, did not allege any facts showing that any difference in treatment was not reasonably related to legitimate penological interests, and did not establish a discriminatory purpose on the part of Defendants (*id*. at 11-12); and that Counts VI and VII were state law claims that did not provide grounds for relief in federal court under 42 U.S.C. § 1983 (*id.* at 13).

In his Response (Doc. 8) to the MOSC, Plaintiff does not dispute the dismissal of Count I. He proceeds to argue that his conspiracy, retaliation, and discrimination claims should not be dismissed. Plaintiff does not mention his state law claims.

After Plaintiff filed his Response, he filed an amended complaint in Case No. 24-3036-JWL. The amended complaint is 38-pages long and includes his deliberate indifference claim, as well as claims of retaliation, discrimination, conspiracy, defamation, and intentional infliction of emotional distress. The Court concludes that Plaintiff has attempted to comply with the Court's directive that "Plaintiff should seek to join claims and parties in case number 24-3036-JWL as required and as allowed by the Federal Rules of Civil Procedure, including Rules 15, 18, and 20." (Doc. 6, at 6.) As a result, Plaintiff's claims in Counts II, III, IV, V, VI, and VII are duplicative and are dismissed in favor of Case No. 24-3036-JWL. Plaintiff's due process claim in Count I is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Complaint is dismissed. Count I is dismissed for failure to state a claim upon which relief may be granted. Counts II, III, IV, V, VI, and VII are dismissed as duplicative.

**IT IS SO ORDERED**.

**Dated October 10, 2024, in Kansas City, Kansas.**

                                              <u>S/   John W. Lungstrum</u>
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**